# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
# KANSAS CITY COURTHOUSE

| | | |
|---|---|---|
| HELEN COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-CV-2534 JWL/DJW |
| | ) | |
| HILLCREST DAVIDSON AND | ) | |
| ASSOCIATES, LLC | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

HELEN COX (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the

following against HILLCREST DAVIDSON AND ASSOCIATES, LLC, (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7.  Plaintiff is a natural person residing in the state of Kansas.

8.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a Texas corporation with a business office in Richardson, Texas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed for a security system.

13. Defendant constantly and continuously places collection calls to Plaintiff from the number (866) 524-9866 seeking and demanding payment for an alleged consumer debt.

14. Defendant constantly and continuously places collection calls to Plaintiff at the number (785) 210-2422 seeking and demanding payment for an alleged consumer debt.

15. Defendant's agent David Garcia uses rude and abusive language while seeking and demanding payment for an alleged consumer debt. Defendant refers to Plaintiff as "stupid" and "jerk" while attempting to collect the alleged consumer debt.

16. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for an alleged consumer debt. To date, to lawsuit has been filed.

17. Defendant threatened to place a lien on Plaintiff's property while seeking and demanding

payment for an alleged consumer debt. To date, no lien has been placed.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    c. Defendant violated *§1692d(2)* of the FDCPA by using profane and abusive language while attempting to collect the alleged consumer debt.

    d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    e. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

    f. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the legal status of the alleged debt.

    g. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in seizure, garnishment, or attachment.

    h. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken and/or is not intended to be taken.

    i. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt.

    j. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable

means to collect or attempt to collect the alleged debt.

WHEREFORE, Plaintiff, HELEN COX, respectfully requests judgment be entered against Defendant, HILLCREST DAVIDSON AND ASSOCIATES, LLC, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

**Plaintiff designates Kansas City as place for trial.**


RESPECTFULLY SUBMITTED,

By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HELEN COX, demands a jury trial in this case.

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>**

STATE OF TEXAS

       Plaintiff, HELEN COX, states the following:

1.   I am the Plaintiff in this civil proceeding.
2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.   Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HELEN COX, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_10 - 07 /2009_
Date

_Helen Cox_
HELEN COX

## EXHIBIT A

# **EXHIBIT B**

## EXHIBIT C